**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DENNIS OBADO, | |
| Plaintiff, | Civil Action No. 23-02408 (GC)(JTQ) |
| v. | **REPORT AND RECOMMENDATION** |
| USCIS IMMIGRATION AGENCY, | |
| Defendant. | |

This matter comes before the Court *sua sponte* as a result of plaintiff Dennis Obado's ("Plaintiff") failure to comply with this Court's recent Orders. For the reasons set forth below, it is recommended that this matter be dismissed with prejudice based upon Plaintiff's failure to prosecute this case.

Plaintiff initiated this action against defendant USCIS Immigration Agency ("USCIS" or "Defendant") claiming he was "subjected to illegal immigration consequences based on plea counsel's 'affirmative misadvice' of immigration consequences." ECF No. 1, Complaint ("Compl.") at 4.[1] Plaintiff's allegations are difficult to decipher, but he appears to contend that USCIS misinterpreted Plaintiff's plea form and improperly advised him on the appeal process. *Id.* at 5. As a result, Plaintiff states that his temporary resident legal status was wrongfully terminated and seeks to have it reinstated. *Id.* at 4-5. He also asks that the Court grant retroactive relief, including benefits for his family members. *Id.*

[1] The pages cited herein are those provided by PACER.

The Complaint was initially screened pursuant to 28 U.S.C. § 1915 and on January 10, 2024, the Court granted Plaintiff's application to proceed *in forma pauperis*. ECF No. 14. In this Order, the Court directed the U.S. Marshal to "serve a copy of the complaint, summons and this order upon the defendant(s) *as directed by the plaintiff(s)*." *Id.* (emphasis added). However, despite receiving multiple copies of the USM-285 Form, Plaintiff has failed to properly effectuate service of process on Defendant.[2] *See* ECF Nos. 15 & 41. Consequently, Defendant has not formally appeared.

But that has not stopped Plaintiff from filing *20 motions* with the Court, all of which have been denied. First, on January 10, 2024, the Court terminated Plaintiff's two motions for summary judgment (ECF Nos. 9 &11) as premature and explained that "Plaintiff may renew his motions at the appropriate time *after Defendant has responded to the Complaint*." ECF No. 14 (emphasis added). Thereafter, on June 26, 2024, the Court denied Plaintiff's motions seeking to compel certain information from "Defendants" (ECF No. 24); compel records from non-parties (*i.e.*, the Middlesex County Prosecutors' Office) (ECF No. 28); hold an evidentiary hearing with Plaintiff's former public defender (*id.*); and compel "expedited immigration relief." (ECF No. 23). The Court concluded that all of the motions were "premature, procedurally improper,

---

[2] Instead, using the USM-285 Form, Plaintiff served a copy of the summons and Complaint on Christopher Kuberiet, Middlesex County Prosecutor (ECF No. 21) as well as USCIS Vermont Service Center (ECF No. 25). Confusingly, Plaintiff recently filed a certification of his own, claiming "Defendants" were properly served and attaching a Certified Mail Receipt that contained the USCIS Vermont Service Center address where the Marshal already properly effectuated service. ECF No. 68.

and lacking the necessary 'good cause' to obtain the expedited discovery sought." ECF No. 35.

The next day, Defendant followed up on the Court's Order and filed a letter confirming that Plaintiff did not properly serve USCIS pursuant to Federal Rule of Civil Procedure 4(i)(2), which requires Plaintiff to send a copy of the summons and complaint by registered or certified mail to the United States Attorney's Office for the District of New Jersey. ECF No. 36. Instead of responding to this letter, or simply serving Defendant in accordance with the specific instructions he was provided, Plaintiff filed another motion seeking summary judgment. ECF No. 38. Again, the Court denied Plaintiff's motion as premature. ECF No. 39.

On July 24, 2024, the Court specifically ordered Plaintiff to effectuate proper service on USCIS by August 24, 2024 and directed the Clerk to provide Plaintiff another USM-285 Form. ECF No. 40. Yet, Plaintiff continued to ignore the Court's directives and instead filed four more impermissible motions seeking to compel information from Defendant (ECF No. 42); serve a subpoena (ECF No. 43); compel expedited immigration legal relief (ECF Nos. 42 & 44); and vacate a DMV surcharge (ECF No. 47). The Court disposed of all four motions as untimely. ECF Nos. 45, 49 & 51. And in its September 16, 2024 Order, the Court provided Plaintiff with instructions that could not have been clearer. The Order wrote out the United States Attorney's Office address (that already had been provided in Defendant's July 21 courtesy letter (ECF No. 36)), directed Plaintiff to serve Defendant at this address, and extended Plaintiff's time to do so until October 16, 2024. ECF No. 51.

Two months later, still without serving Defendant, Plaintiff continued his filing spree with two more premature motions (ECF Nos. 52 & 54), which were both terminated (ECF Nos. 53 & 56). On December 16, 2024, noting Plaintiff's noncompliance with previous Orders, the Court extended Plaintiff's time to effectuate service by another two weeks. ECF No. 55. Four more motions followed (ECF Nos. 59, 60, 61 & 62), each of which was denied as premature and for Plaintiff's continuous disregard for Court Orders (ECF Nos. 63 & 65). These two final Orders denying Plaintiff's motions stated that "[a] separate decision further addressing Plaintiff's noncompliance is forthcoming." ECF Nos. 63 & 65. Plaintiff responded with three more motions. ECF Nos. 66, 67 & 69.

The docket here paints a clear picture; it makes plain that Plaintiff (1) has not been a meaningful participant in this matter since its inception; (2) has failed to make use of any of the Court's courtesies; (3) has not cured the service issue identified in multiple filings for an extended period of time; and (4) has continued to ignore the Court's instructions that Plaintiff must properly serve Defendant with a copy of the summons and Complaint. ECF Nos. 14, 35, 39, 45, 49, 51, 53, 56, 63 & 65. Plaintiff's continued non-compliance has created a litigation stalemate. Consequently, the matter has not and cannot progress.

And the fault here falls squarely on Plaintiff's shoulders. Plaintiff was placed on notice that "[a] separate decision further addressing Plaintiff's noncompliance is forthcoming." ECF Nos. 63 & 65. Plaintiff could have heeded the Court's guidance and properly served the Defendant at any point in time. He chose not to. Based on

this history, the undersigned believes dismissal is warranted and recommends that the dismissal be with prejudice.

"A District Court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). In exercising its discretion to impose an involuntary dismissal, the Court employs a six-factor balancing test. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). These factors include: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Id.* "None of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal . . . ." *Chinniah v. E. Pennsboro Twp.*, 2024 WL 3648261, at *2 (3d Cir. Aug. 5, 2024) (quoting *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019)).

Here, because Plaintiff repeatedly failed to comply with Court Orders and refused to proceed with his case, the undersigned would recommend dismissal even without balancing the *Poulis* factors. *See Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) ("Where . . . a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible, a balancing of the *Poulis* factors is not necessary."). And even if the Court were to consider the *Poulis*

factors, the undersigned would reach the same conclusion because the circumstances warrant a with-prejudice dismissal.

First, Plaintiff is proceeding without counsel in this matter. And based upon his *pro se* status, both the Court and defense counsel have gone above and beyond to extend Plaintiff every courtesy to ensure that he understands how to effectuate proper service on Defendant and is afforded sufficient time to do so. Defense counsel even directed Plaintiff to the appropriate Federal Rule of Civil Procedure and included a link to the Rule. ECF No. 36. Consequently, Plaintiff's failures are his responsibility alone.

Second, although Defendant has not yet been served, it has nonetheless been prejudiced by Plaintiff's failure to meaningfully participate in litigation. For over a year, Plaintiff has failed to properly serve Defendant with a copy of the summons and Complaint, denying it the ability to defend against Plaintiff's claims and have them addressed it a timely fashion. Stated differently, justice delayed is justice denied.

Third, Plaintiff has been disregarding Court Orders as well as the Federal Rules for the entirety of this case. To serve USCIS, Federal Rule of Civil Procedure 4(i)(2) requires that Plaintiff send a copy of the summons and Complaint by registered or certified mail to the United States Attorney's Office for the District of New Jersey. Plaintiff was first directed to effectuate service of process on Defendant before filing any motions in January 2024. Over one year and many Orders later, USCIS still has not been served. Plaintiff's inability (or refusal) to litigate the case properly has been evident for some time.

Fourth, Plaintiff has failed to effectuate service of process or otherwise explain the circumstances preventing him from doing so. As such, the Court can only conclude that his inaction is willful, and that Plaintiff has no intention of pursuing this lawsuit, particularly given the number of explicit Court Orders providing Plaintiff with guidance.

Fifth, Plaintiff's inaction, coupled with his failures to comply with Court Orders and overall lack of meaningful participation in this case prevents the Court from fashioning an alternative sanction that might ensure future compliance.

Finally, the last factor is at best neutral given the lack of clarity surrounding Plaintiff's allegations and claims. That said, Plaintiff's inability or failure to properly litigate this two-year old case has prevented it from proceeding to the discovery stage. Therefore, on balance, the Court concludes that these factors weigh in favor of dismissal of this action with prejudice. Accordingly,

**IT IS** on this 1st day of April 2025

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof; and it is further

**ORDERED** that the Clerk shall serve a copy of this Report and Recommendation on Plaintiff by first class mail; and it is further

**ORDERED** that for the reasons the Court has given previously (*see* ECF Nos. 35, 39, 49, 51, 53, 56, 58) and reiterated herein, the Clerk is directed to terminate ECF Nos. 66, 67, and 69 as the motions are premature.

s/ Justin T. Quinn
HON. JUSTIN T. QUINN
United States Magistrate Judge

--terminates ECF Nos. 66, 67, & 69